**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

LONITA GROSE-DOWDY,

        **Plaintiff,**

v.                                               Case 2:16-cv-02589-JDT-cgc

CITY OF MEMPHIS,
MAYOR JIM STRICKLAND,
CITY OF MEMPHIS POLICE
DEPARTMENT, CITY OF MEMPHIS
FIRE DEPARTMENT, A. C. WHARTON,
TONY ARMSTRONG, MICHAEL
RALLINGS, COLONEL P. BURNETT,
JERRY L. KNOWLTON, D. PARKER,
and GINA SWEAT,

        **Defendants.**

**REPORT AND RECOMMENDATIONS**
**ON DEFENDANTS' MOTION TO DISMISS,**
**PLAINTIFF'S MOTION TO AMEND,**
**PLAINTIFF'S MOTION FOR EXTENSION TO SERVE PROCESS,**
**AND PLAINTIFF'S MOTION FOR THE COURT TO INTERVENE**

Before the Court are the following motions: Defendant's Motion to Dismiss (Docket Entry "D.E. #21); Plaintiff's Motion to Amend (D.E. #22); Plaintiff's Motion for Leave of Court to Extend Time for Service of Process upon Two Co-Defendants (D.E. #23) ("Motion for Extension to Serve Process"); and, Plaintiff's Motion "for the Court to Intervene to Appoint a Special Counsel, Attorney, Investigation of the Lawsuit" (D.E. #29) ("Motion for the Court to Intervene").

1

The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation. For the reasons set forth herein, it is recommended that Defendant's Motion to Dismiss be GRANTED and that Plaintiff's Motion to Amend, Motion for Extension to Serve Process, and Motion for the Court to Intervene be DISMISSED AS MOOT.

## I. Background

On July 15, 2016, Plaintiff Lonita Grose-Dowdy[1] filed a *pro se* Complaint on behalf of the Estate of Lucille Grose ("Estate"). (D.E. #1). Plaintiff alleges that she and Jefferson Grose, III are the co-administrators of the Estate. (Compl. at 1 & Exh. 1). The Complaint alleges that the decedent died from injuries sustained in an automobile collision on or about July 18, 2015 in Memphis, Shelby County, Tennessee. (*Id*. at 2). The Complaint further alleges that Defendants violated 42 U.S.C. § 1983 ("Section 1983") and committed negligence as follows: (1) the Memphis

---

[1] The style of Plaintiff's Complaint purports to name Jefferson Grose, III as a plaintiff. (Compl. at 1). The body of Plaintiff's Complaint further purports to name Jefferson Grose, III, Corwin Grose, Anthony Grose, Herbert Grose, and Curtis Grose as plaintiffs because they were "'all' biological heirs of Lucille Grose" ("Grose Heirs"). (*Id*. at 2). Only Lonita Grose-Dowdy has signed the Complain, although Jefferson Grose, III's signature purportedly appears on the Motion to Amend, the Motion for Extension to Serve Process, and the Motion for the Court to Intervene. (*Id*.) Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel . . . ." The United States Court of Appeals for the Sixth Circuit has further held that a *pro se* litigant may only sign filings on his or her own behalf. *See Garrison v. Fleet Fin., Inc.*, No. 97-6422, 1999 WL 282626, at *1 (6th Cir. Apr. 30, 1999). Relying upon *Garrison*, this Court has held that the Clerk of Court properly docketed a Complaint signed by one plaintiff but purported to be on behalf of additional plaintiffs as being brought solely by the plaintiff who signed the pleading. *See Hanalei Y. Harris v. Decision One Mortgage Co.*, No. 12-2224-SHM-cgc, at 1-2 n.1. Accordingly, it is recommended that the Clerk of Court properly docketed Lonita Grose-Dowdy as the sole plaintiff in the instant case.

Police Department ("MPD") failed to perform a field-sobriety test[2] for alcohol or drugs, as evidenced by the omission of any results from accident reports; (2) the MPD and Memphis Fire Department ("MFD") failed to perform a "toxicology blood sample," as evidenced by the omission of any results from accident reports; (3) the MPD and MFD's completion of investigation reports is "poor"; (4) the decision of MPD and MFD officials constitute "neglect" and "negligen[t] dereliction of duty"; (5) the City of Memphis did not complete either a "fair and impartial investigation" or "follow their own lawful policies"; (6) the MPD and MFD failed to cite the driver of the other vehicle in the automobile collision, who is identified as Charles Stone ("Stone"), despite evidence that shows he was traveling "at an excess rate of speed for the posted speed limit area" and that he committed multiple driving offenses[2]; (7) the MPD and MFD failed to consider and report the observations of an eyewitness to the accident and further failed to obtain the witness's name and contact information; (8) the MPD report contains errors "as to the point of impact and the locations of the vehicles upon [their] respective resting places"; (9) neither a MPD officer assigned to driving-under-the-influence ("DUI") cases nor a forensic investigator came to the scene of the accident; (10) the MPD has failed to provide a subsequent report as allegedly promised to Plaintiff's former counsel; (11) the MPD failed to follow up during daylight hours to further gather evidence of this collision that occurred during nighttime hours.  (Compl. ¶¶ 2-30).  The Complaint seeks damages in the amount of $5,000,000.00.  (*Id*. at 10).

---

[2]  The Complaint states that no field-sobriety test or "toxicology blood sample" was perfomed "upon the defendant"; however, it appears to the Court that Plaintiff actually intends to reference that these tests were not performed on the driver of the other vehicle in the automobile collision, who is identified as Charles Stone.  (Compl. ¶ 4 & 8b).

[2]  The Complaint alleges that Stone violated Tennessee Code Annotated Sections 55-8-115, 55-8-123, 55-8-125, 55-8-158, and 55-10-2015.

On August 2, 2016, Plaintiff caused summonses to be issued as to D. Parker, Colonel P. Burnett, Michael Rallings, Tony Armstrong, A.C. Wharton, Jim Strickland, Jerry L. Knowlton, and Gina Sweat. (D.E. #6-#13). On October 5 and 7, 2016, Plaintiff caused summonses to be reissued to the same individuals with the exception of A.C. Wharton, Tony Armstrong, and Jim Strickland. On October 28, 2016, summonses were returned executed as to D. Parker, Jim Strickland, Jerry L. Knowlton, Gina Sweat, and A.C. Wharton. (D.E. #14-#19).

On October 27, 2016, Defendants filed a joint Motion to Dismiss asserting that Plaintiff's purported *pro se* representation of a class of beneficiaries in improper and should be dismissed due to a lack of standing and an attempt to engage in the unlicensed practice of law. Additionally, Defendants assert that the Court lacks diversity jurisdiction, and that the complaint fails to state a claim upon which relief may be granted against the City of Memphis because it is immune under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-201, *et seq*., that the action is barred by the Public Duty Doctrine, that Plaintiff fails to allege in violation of Section 1983 by failing to allege "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States," and that Plaintiffs cannot establish any damages causally connected to any alleged negligence as the accident and incident report is not admissible in a court of law to establish personal injuries as a result of a motor vehicle accident under Tennessee Code Annotated § 55-10-114.

On October 28, 2016, Plaintiff filed a Motion to Amend, which states that it seeks to add the City of Memphis and Mayor Jim Strickland as defendants, although they were already named in the Complaint. The exhibits, however, state that Plaintiff seeks to add other MPD and MFD officers as Defendants—namely, John Williams, Kevin D. Payne, LaTonya McSwine, Samuel Hines, Jasper

Clay, and Jeremy Smith. Plaintiff apparently also requests additional time to properly serve these defendants following the City of Memphis's provision of documents including their identities. Also on October 28, 2016, Plaintiff filed a Motion for Extension to Serve Process. Plaintiff requests that the Court provide an extension of time to serve Tony Armstrong and Michael Rallings due to difficulty effectuating service upon these individuals.

On November 14, 2016, Plaintiff filed her Motion for the Court to Intervene. This motion requests that the Court assign and appoint "a Special Counsel, Prosecutor to assist in this legal, judiciary investigation that is of 'exceptional public interest.'" Plaintiff alleges that the MPD "failed to thoroughly investigate this fatality automobile crash, when it did not follow through with its own policies, procedures and guidelines, in a fair and practical manner" and that "this case represents a corruption [sic] form of 'ticket fixing' and further gives rise to the appearances of police department members are therefore suspected of corruption, racketeering, blackmail of assisting the insurance companies to write inadequate, corrupt reports; falsifying reports that interferes with the insurer['s] . . . claim." Plaintiff claims that the MPD has exhibited a "systemic pattern" and "alleged dual scheme of employment for the insurance companies." Plaintiff seeks to provide, under seal, information about attorneys she has contacted and their reasons not to assist in this "high profile civil action." She states that "cannot clear this hurdle [of obtaining representation]. . . without the court's intervening."

## II. RECOMMENDED ANALYSIS

The threshold question presented in Defendants' Motion to Dismiss is who is entitled to bring claims on behalf of an estate. Upon review, the issue presented is not one of standing but of capacity to sue. *Tri-Med Finance Co. v. National Century Fin. Enterprises, Inc.*, 2000 WL 282445,

*4 (6th Cir. Mar. 6, 2000); *Firestone v. Galbreath*, 976 F.2d 279, 282 (6th Cir. 1992); *Glickstein v. Sun Bank/Miami N.A.*, 922 F.2d 666, 670 (11th Cir. 1991); *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976); *see also DXE Corp. Liquidating Trust v. L3 Comm. Corp.*, No. 3:12-cv-98, 2014 WL 3945892, at *3 (S.D.Ohio Aug. 12, 2014); *Hill v. Martinez*, 87 F. Supp. 2d 1115, 1122 (D. Colo. Feb. 11, 2000); *Edens v. Laubach*, 838 F. Supp. 510, 513-14 (D. Kan. 1993). The difference between capacity to sue and standing is that the former relates to the right to come into court, while the latter relates to the right to relief. *Id.* (citing *Citizens Concerned for Separation of Church and State v. The City and County of Denver*, 628 F.2d 1289, 1300 (10th Cir. 1980)); *see also* 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1542 at 327 (1990) (capacity is "a party's personal right to litigate in federal court"); *Allen v. Wright*, 468 U.S. 737 (1984) (standing and the right to relief are tied to the determination of whether the plaintiff can show an injury in fact traceable to the conduct of the defendant). Whether the Grose Heirs could sue on behalf of the Estate is a question of who has the right to litigate on behalf of an estate. *Hill*, 87 F. Supp. 2d at 1122.

Under Rule 17(b) of the Federal Rules of Civil Procedure, the law of the state in which the district court sits governs a party's capacity. Under Tennessee law, "the exclusive right to assert claims on behalf of the estate belongs to the Administrator." *Ware v. McKeithan (In re Estate of Hendrickson)*, No. 03P-1460, 2009 WL 499495, at *1 (Tenn. Ct. App. Feb. 25, 2009); *see also Western Sur. Co. v. Wilson*, 484 S.W.2d 45, 48 (Tenn. Ct. App. 1972) (concluding that the estate's personal representative succeeds "to the position of the deceased in respect to suing and being sued"); *Estate of Ralson ex. re. Ralson v. Hobbs*, No. M2009-02442-COA-R3-CV, 2010 WL 4272692, at *3 (Oct. 28, 2010) (holding that the personal representative retains the right to bring

suits on behalf of the decedent).

In the instant case, Plaintiff has filed an Exhibit from the Probate Court of Shelby County which purports to demonstrate that she and Jefferson Grose, III are co-administrators of the Estate; however, the inquiry does not end there. Although Plaintiff (and Jefferson Grose, III, who is not a named plaintiff) would have capacity to sue as co-administrators, the question remains whether Lonita Grose-Dowdy may do so *pro se*.

In *Bass v. Leatherwood*, 788 F. 3d 228, 230 (6th Cir. 2015), the Sixth Circuit has permitted an administrator to appear on behalf of the estate only if two conditions are met: (1) he or she is the sole beneficiary, and (2) the estate has no creditors. In the instant case, it is undisputed that the Estate has multiple beneficiaries–namely, the six Grose Heirs that Plaintiff has named in her Complaint. Under such circumstances, the Sixth Circuit has not permitted an administrator to represent the six alleged beneficiaries *pro se*. *See also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct their causes therein.").

Turning to specifically addressing the pending motions, Defendant's Motion to Dismiss was purportedly filed under Rules 12(b)(1) and 12(b)(6) arguing, *inter alia*, that the lack of attorney representation renders the Complaint subject to dismissal because Plaintiff cannot act *pro se* to represent a class of heirs. The Sixth Circuit has held that challenging the lack of capacity to sue is governed by Rule 9 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 9(a)(1)-(2); *Miller v. City of Cincinnati*, 970 F. Supp. 2d 534, 540-541 (S.D. Ohio May 9, 2012); *Theresa Srock v. United States*, 2006 WL 2460769, No. 04-CV-72788-DT, at *2-*5 (E.D. Mich. Aug. 23, 2006).[3] However,

_____

[3] Rule 9(a) states, in pertinent part, as follows:

in federal courts, a motion under Rule 12(b)(6) for failure to state a claim upon which relief may be granted by properly be utilized to assert a defense of lack of capacity to sue. *Theresa Srock v. United States*, No. 04-CV-72788-DT, 2006 WL 2460769, at *4 (E.D.Mich. Aug. 23, 2006) (citing *NAACP Labor Comm. v. Laborer's Int'l Union of N. Amer.*, 902 F. Supp. 688, 699 (W.D.Va. 1993); *see also Capital City Energy Group, Inc. v. Kelley Drye & Warren LLP*, No. 2:11-cv-00207, 2011 WL 5175617, at *2 (quoting *Weiner v. Winters*, 50 F.R.D. 306, 307-08 (S.D.N.Y. 1970)). Although Defendants referred to the issue as one of standing, the Court recommends that it be construed as a motion to dismiss for lack of capacity to sue. Because Plaintiff is not represented by counsel, Plaintiff lacks the capacity to sue on behalf of the Estate. Thus, for the reasons set forth herein, it is recommended that Defendant's Motion to Dismiss be GRANTED and that Plaintiff's Motion to Amend, Motion for Extension to Serve Process, and Motion for the Court to Intervene be DISMISSED AS MOOT.


**DATED** this 6th day of January, 2017.

---

 **(a) Capacity or Authority to Sue; Legal Existence**

**(1) *In General*.**  Except when required to show that the court has jurisdiction, a pleading need not allege:

**(A)** a party's capacity to sue or be sued;

**(B)** a party's authority to sue or be sued in a representative capacity; or

**(C)** the legal existence of an organized association of persons that is made a party.

**(2) *Raising Those Issues*.**  To raise any of those issues, a party must do so by specific denial, which must state any supporting facts that are peculiarly within the party's knowledge.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**